Nicholas A. Brown (SBN 198210)
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: 415.655.1271
Facsimile: 415.520.5609

Attorneys for Plaintiff Internet Archive

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNET ARCHIVE,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>WORDLOGIC CORPORATION, and 602531 BRITISH COLUMBIA LTD.,<br><br>　　　　　Defendants. | Case No. 3:20-cv-01758<br><br>**COMPLAINT**<br>**FOR DECLARATORY JUDGMENT** |

Plaintiff Internet Archive brings this complaint for declaratory judgment against Defendants WordLogic Corporation and 602531 British Columbia Ltd., (collectively, "the WordLogic Entities") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  Internet Archive requests a judicial declaration that U.S. Patent Nos. 7,293,231 ("'231 patent"), 7,681,124 ("'124 patent"), 7,716,579 ("'579 patent") and 8,552,984 ("'984 patent") (collectively, the "Asserted Patents") are invalid and not infringed by Internet Archive.

2. True and correct copies of the Asserted Patents are attached as exhibits 1-4.

## PARTIES

3. Plaintiff Internet Archive is a 501(c)(3) corporation organized under the laws of California, with its principal place of business in San Francisco, California.

4. On information and belief, WordLogic Corporation ("WordLogic") is a Nevada corporation having its principal place of business at 1130 West Pender Street, Suite 230, Vancouver, British Columbia, V6E 4A4, Canada.

5. On information and belief, 602531 British Columbia Ltd. is a Canadian limited liability company with a principal place of business at 1130 West Pender Street, Suite 230, Vancouver, British Columbia V6E 4A4, Canada.

6. On information and belief, 602531 British Columbia Ltd. is a wholly owned subsidiary of WordLogic.

7. On information and belief, 602531 British Columbia Ltd. is the assignee of the '124 and '984 patents.

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), and 1367.

9. An actual and justiciable controversy exists between Internet Archive and the

WordLogic Entities as to the noninfringement and invalidity of the Asserted Patents.

10. This Court has personal jurisdiction over the WordLogic Entities because they have purposefully availed themselves of the privilege of conducting activities within this State by maintaining suit against Fleksy Inc. in this District, and in particular by asserting the '124 and '984 patents in *WordLogic Corp. v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW (N.D. Cal.). By maintaining suit against Fleksy Inc. in this district, the WordLogic Entities have purposefully availed themselves of the benefits and protections of California's laws such that they should reasonably anticipate being haled into court here.

11. The WordLogic Entities have also purposefully directed enforcement activities related to one or more of the Asserted Patents into the Northern District of California. As described in more detail below, the WordLogic Entities purposefully directed enforcement activities at Internet Archive, which is a resident of this forum. Additionally, the WordLogic Entities have threatened suits for infringement of the Asserted Patents against other entities having principal places of business in this District. *See Charles Schwab & Co. et al. v. Wordlogic Corp.*, Case No. 3:19-cv-00527 (N.D. Cal.), Dkt. 1 at ¶¶ 3, 5, 13-19 (accused infringer's principal place of business was located in San Francisco).

12. On January 7, 2020, Mr. Ohanian of Ohanian IP wrote a letter to addressed to "Mr. CR Saikley" of "Internet Archives" in San Francisco, stating that he represented the WordLogic Entities "in the licensing and enforcement" of the four Asserted Patents. The letter states that it was intended to "advise you INTERNET ARCHIVES's infringement." The letter alleges that the "INTERNET ARCHIVES Website" "directly infringes claims of at least the '124 patent" and includes a claim chart purporting to show how the "predictive search box" in the "INTERNET ARCHIVES Website" infringes claim 19 of the '124 patent. The letter further states that "we are confident in the validity and infringement of the WordLogic patents."

13. The January 7, 2020 letter identifies "WordLogic Licensing agent Pete Sirianni" as a person to be contacted about the allegations of infringement. The letter then concludes by stating that "If I do not hear from you by that date I will assume you are not interested in discussing a quick resolution, and we will proceed with the litigation."

14. On January 13, 2020 Mr. Sirianni emailed Mr. Saikley of Internet Archive, stating that "WL sent Internet Archive a patent infringement notice letter on Jan 7th."

15. On January 21 and January 30, 2020, Mr. Sirianni emailed Mr. Butler of Internet Archive, stating he was "following up" and that WordLogic was in the process of "moving cases forward."

16. On each of February 3, 18 and 27, Mr. Sirianni again emailed Mr. Butler of Internet Archive about the patent infringement notice letter.

17. The WordLogic Entities have previously asserted at least the '124 patent in multiple patent litigations, including five lawsuits that the WordLogic Entities filed in 2019.

18. Based on the above-described actions, Internet Archive is under a reasonable apprehension that it will be sued by WordLogic for infringement of the Asserted Patents. Accordingly, as further described herein, an actual and justiciable controversy exists between Internet Archive and the WordLogic Entities as to the noninfringement and invalidity of the Asserted Patents.

19. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391 and §1400(b). Plaintiff Internet Archive resides in this district.

20. The WordLogic Entities admitted that this district is a proper venue for litigating the '124 and '984 patents in *WordLogic Corporation et al v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW.

**INVALIDITY AND NONINFRINGEMENT OF THE ASSERTED PATENTS**

21. The claims of the Asserted Patents are invalid under 35 U.S.C. § 102 and/or 103(a). For example, the Patent Office determined to institute IPR2017-01856. In reaching that decision, the Patent Office considered prior art references to the Asserted Patents, including U.S. Patent No. 5,724,457 ("Fukishima"), U.S. Patent No. 5,367,453 ("Capps"), U.S. Patent No. 6,307,548 ("Flinchem"), U.S. Patent No. 5,797,098 ("Schroeder"), and John J. Darragh & Ian H. Witten, Cambridge Series On Human- Computer Interaction, The Reactive Keyboard 3 (J. Long ed. 1992) ("Witten"). The Patent Office determined that it would review the claims of the '124 patent because it found that these prior art references established a reasonable likelihood that the claims

of the '124 patent were unpatentable under 35 U.S.C. § 103(a). These same prior art references also establish that the claims of the other Asserted Patents are invalid.

22. The claims of the Asserted Patents are also invalid under 35 U.S.C. § 101. For example, Fleksy Inc. filed a motion to dismiss on February 3, 2017 in *WordLogic Corporation et al v. Fleksy, Inc.*, Case No. 4:17-cv-07169-JSW, in which it set forth reasons why the claims of the '124 patent are invalid under 35 U.S.C. § 101.

23. The allegations of infringement made by the WordLogic Entities fail to show that Internet Archive infringes any claim of any Asserted Patent. For example, for claim 19 of the '124 patent, the Internet Archive search box that WordLogic identifies as infringing does not perform the required steps of "modifying the display of the partial text entry to correspond to the particular completion candidate selected from among the plurality of completion candidates at least while the particular completion candidate remains selected" and "obtaining and displaying in the search list a further modified plurality of completion candidates from among the group of completion candidates, if a completion candidate is accepted via the search list from the modified plurality of completion candidates."

## COUNT ONE

### Declaratory Judgment Of Invalidity Of The '231 Patent

24. Internet Archive restates and realleges each of the assertions set forth in the paragraphs above.

25. The '231 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

26. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the validity of the '231 patent.

27. Internet Archive is therefore entitled to a declaratory judgment that the '231 patent is invalid.

## COUNT TWO

### Declaratory Judgment Of Non-Infringement Of The '231 Patent

28. Internet Archive restates and realleges each of the assertions set forth in the

paragraphs above.

29. Internet Archive has not infringed and does not infringe any valid claim of the '231 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

30. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the non-infringement of the '231 patent.

31. Internet Archive is therefore entitled to a declaratory judgment that it has not infringed the ' 231 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT THREE

### Declaratory Judgment Of Invalidity Of The '124 Patent

32. Internet Archive restates and realleges each of the assertions set forth in the paragraphs above.

33. The '124 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

34. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the validity of the '124 patent.

35. Internet Archive is therefore entitled to a declaratory judgment that the '124 patent is invalid.

## COUNT FOUR

### Declaratory Judgment Of Non-Infringement Of The '124 Patent

36. Internet Archive restates and realleges each of the assertions set forth in the paragraphs above.

37. Internet Archive has not infringed and does not infringe any valid claim of the '124 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

38. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the non-infringement of the '124

patent.

39. Internet Archive is therefore entitled to a declaratory judgment that it has not infringed the '124 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT FIVE

### Declaratory Judgment Of Invalidity Of The '579 Patent

40. Internet Archive restates and realleges each of the assertions set forth in the paragraphs above.

41. The '579 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

42. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the validity of the '579 patent.

43. Internet Archive is therefore entitled to a declaratory judgment that the '579 patent is invalid.

## COUNT SIX

### Declaratory Judgment Of Non-Infringement Of The '579 Patent

44. Internet Archive restates and realleges each of the assertions set forth in the paragraphs above.

45. Internet Archive has not infringed and does not infringe any valid claim of the '579 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

46. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the non-infringement of the '579 patent.

47. Internet Archive is therefore entitled to a declaratory judgment that it has not infringed the '579 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## COUNT SEVEN

### Declaratory Judgment Of Invalidity Of The '984 Patent

48. Internet Archive restates and realleges each of the assertions set forth in the

paragraphs above.

49. The '984 patent is invalid under 35 U.S.C. § 101, 102 and/or 35 U.S.C. §103 for at least the reasons specifically set forth in the paragraphs above.

50. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the validity of the '984 patent.

51. Internet Archive is therefore entitled to a declaratory judgment that the '984 patent is invalid.

## COUNT EIGHT

### Declaratory Judgment Of Non-Infringement Of The '984 Patent

52. Internet Archive restates and realleges each of the assertions set forth in the paragraphs above.

53. Internet Archive has not infringed and does not infringe any valid claim of the '984 patent directly or indirectly, either literally or under the doctrine of equivalents, for at least the reasons specifically set forth in the paragraphs above.

54. There is an actual controversy, within the meaning of 28 U.S.C. § 2201 and § 2202, between Internet Archive and the WordLogic Entities concerning the non-infringement of the '984 patent.

55. Internet Archive is therefore entitled to a declaratory judgment that it has not infringed the '984 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## **PRAYER FOR RELIEF**

WHEREFORE, Internet Archive respectfully requests that the Court enter judgment in its favor against the WordLogic Entities, granting the following relief:

a) A declaration that the '231 patent is invalid.

b) A declaration that the '124 patent is invalid.

c) A declaration that the '579 patent is invalid.

d) A declaration that the '984 patent is invalid.

e) A declaration that Internet Archive does not infringe the '231 patent, directly or indirectly, either literally or under the doctrine of equivalents.

f) A declaration that Internet Archive does not infringe the '124 patent, directly or indirectly, either literally or under the doctrine of equivalents

g) A declaration that Internet Archive does not infringe the '579 patent, directly or indirectly, either literally or under the doctrine of equivalents

h) A declaration that Internet Archive does not infringe the '984 patent, directly or indirectly, either literally or under the doctrine of equivalents

i) A judgment that this is an exceptional case and an award to Internet Archive of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

j) An award of costs, and expenses as allowed by law;

k) Such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Internet Archive demands jury trial on all issues and claims so triable.

DATED: March 11, 2020                             **GREENBERG TRAURIG, LLP**

By: /s/ Nicholas A. Brown

Nicholas A. Brown (SBN 198210)
brownn@gtlaw.com
GREENBERG TRAURIG, LLP
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111-5983
Telephone: 415.655.1271
Facsimile: 415.520.5609

Counsel for Plaintiff Internet Archive